## FRENCH v. WADE.

1. A.'s lands in Louisiana were, May 6, 1865, duly forfeited to the United States by a decree of the proper court in the exercise of the jurisdiction conferred by the Confiscation Act of July 17, 1862 (12 Stat. 589), as modified by the joint resolution of even date therewith. Id. 627. A. purchased them under the decree, and, on receiving from the marshal a deed therefor, bargained and sold them to B. in fee, by an authentic act of sale, with all legal warranties. On the death of A., his heirs-at-law sued B. for the possession of the lands. *Held*, that they were entitled to recover.
2. *Wallach et al.* v. *Van Riswick* (92 U. S. 202) reaffirmed.

ERROR to the Circuit Court of the United States for the District of Louisiana.

This was a suit brought March 14, 1878, against Joseph M. French, by the heirs-at-law of Henry F. Wade, Jr., to recover the possession of certain real estate in the city of New Orleans.

Wade was the owner of the property when it was seized and a libel for its condemnation filed in the proper District Court of the United States, under the act of July 17, 1862 (12 Stat. 589), commonly called the Confiscation Act, and the joint resolution of even date therewith. Id. 627. It was condemned May 6, 1865, as forfeited to the United States, and sold under a writ of *venditioni exponas*, Oct. 21, 1865. Wade was the purchaser, and he and his wife, by an authentic act passed before S. Magner, notary public, on the thirtieth day of that month, bargained and sold it in fee, with all legal warranties, to French. The latter took possession of it and made valuable improvements.

The act recites that the property was acquired by Wade " at a sale made by the marshal of the United States for the eastern district of Louisiana, by virtue of a writ of *venditioni exponas* to him directed by the District Court of the United States for that district, in the suit entitled *The United States* v. *One Piece of Ground*, &c., the property of Henry F. Wade, Jr., No. 7969 of the docket of said court, as per deed of said marshal, dated the 24th of October, 1865, recorded in the clerk's office of said court in sales-book B, folios 340 and 341, hereto annexed as part hereof; said property belonged to said Wade, Jr., defendant in said suit, for having acquired the same by donation from his father, Henry F. Wade, and his mother, Lucretia Martin, by act passed before Theodore Guyole, late notary, on the 17th of May, 1860, and the same belonged to said donor and his wife, as community property." Wade died Feb. 24, 1874.

Judgment was rendered in favor of the plaintiffs, and French sued out this writ of error.

*Mr. Benjamin F. Jonas* for the plaintiff in error.

*Mr. John A. Campbell, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We think the court below was right in holding that this case was governed by that of *Wallach et al.* v. *Van Riswick* (92 U. S.

202), in which we decided that after a seizure and an adjudicated condemnation and sale under the Confiscation Act of July 17, 1862 (12 Stat. 589), of the lands of one engaged in rebellion against the United States, there was "left in him no estate or interest of any description which he could convey by deed, and no power which he could exercise in favor of another" (p. 208), and that the joint resolution passed contemporaneously with the approval of the act was "intended for the benefit of his heirs exclusively, to enable them to take the inheritance after his death." p. 213. As to him, the forfeiture was complete and absolute; but the ownership after his death was in no wise affected (p. 209), except by placing it beyond his control while living. This case has been followed many times since. *Pike* v. *Wassell*, 94 U. S. 711. It must now be considered as the settled rule of decision in this court.

Wade, by the purchase of his own interest in the property, took the property to hold during his life, the same as any other purchaser. Whatever rights another could have acquired by the purchase, he got, but no more. Another could not, after purchase, have sold and conveyed the interest of the heirs in the property; neither can he. By the condemnation and sale, Wade's estate was separated entirely from that of his heirs after his death, and the heirs are not estopped by his warranty from asserting their title.

As the cause was tri d below on the question of title only, and there are no findings in respect to the improvements put on the property by French, we cannot consider whether any allowances should be made to him on that account or not.

*Judgment affirmed.*